**Apolinar HURTADO–HERNANDEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73318.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 27, 2006.*

Filed Oct. 30, 2006.

Apolinar Hurtado–Hernandez, San Diego, CA, pro se.

Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Margot L. Nadel, Esq., Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

MEMORANDUM **

Apolinar Hurtado–Hernandez, a native and citizen of Mexico, petitions for review of an order issued by the Board of Immigration Appeals, affirming without opinion the decision of an immigration judge that Hurtado–Hernandez was removable be-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

cause he had been convicted of crimes involving moral turpitude, and denying deferral of removal under the Convention Against Torture. We dismiss for lack of jurisdiction.

We have no "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C.] section 1182(a)(2)." 8 U.S.C. § 1252(a)(2)(C). The REAL ID Act provides an exception: "[n]othing in subparagraph … (C) … shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). Hurtado–Hernandez does not advance any constitutional or statutory challenges to his removal order. We therefore do not have jurisdiction over his petition.

DISMISSED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.